UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**K SQUARED CONSTRUCTION, INC.**,
a Michigan corporation,

       Plaintiff,　　　　　　　　Case No.: 2:20-cv-

v.　　　　　　　　　　　　　　　　Hon.

**SLATE ASSET MANAGEMENT L.P.,**
**a Canadian company,**

       Defendant.
_____/

JAFFE, RAITT, HEUER & WEISS, P.C.
Ethan R. Holtz
Attorneys for Plaintiff
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
eholtz@jaffelaw.com
_____/

# COMPLAINT

Plaintiff K Squared Construction, Inc. ("K2"), by its undersigned counsel, states the following for its Complaint against Defendant Slate Asset Management, L.P. ("Slate"):

## Parties, Jurisdiction and Venue

1.    K2 is a Michigan corporation with its principal place of business in the City of Wixom, County of Oakland, State of Michigan. K2 is a general

1

commercial contractor that provides services throughout the United States. At all relevant times, K2's headquarters was in Wixom, Michigan.

2. Slate is a Canadian company, with its principal place of business located in the City of Toronto, Province of Ontario. Slate is a commercial developer that owns and develops properties throughout the United States, including in Michigan.

3. The Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction) because K2 resides in Michigan and Slate is a foreign entity and the amount in controversy exceeds $75,000.

4. The Court has personal jurisdiction over Defendant pursuant to M.C.L. §§ 600.721 and 600.725 (general and limited personal jurisdiction over partnerships), and the exercise of personal jurisdiction over Defendant comports with principles of due process under the United States Constitution. Defendant transacts business across the United States, including within the State of Michigan and owns real property in Michigan. Further, Defendant had extensive contacts with Plaintiff's Michigan headquarters over a number of years.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

6. K2 has served as Slate's general contractor and/or consultant on approximately 20 commercial developments in 8 states since 2017.

7. Throughout the course of the parties' relationship, Slate was often late on fulfilling its obligations, including being late on payment, late in sending required documents and late on signing contracts.

8. In or about March 2019, K2 informed Slate that it intended to wind up the work it had for Slate and discontinue the parties' relationship going forward.

9. At that time, there were 5 developments for which K2 was still owed payment, two in Florida (the "Planet Fitness Project" and the "Stonefield Square Project"), one in Colorado (the "Westminster Project"), one in West Virginia (the "Hobby Lobby Lease"), and one in Illinois (the "Plaza St. Clair Project").

10. Apparently upset by K2's termination of the parties' relationship, Slate has refused to pay K2 what it is owed for its work on each of these projects, necessitating the instant action.

**Planet Fitness Project**

11. K2 served as the general contractor on Slate's Planet Fitness Project in Apopka, Florida.

12. The parties entered into a Prime Contract, on or about July 17, 2018 (the "Planet Fitness Contract"). Slate has a copy of the Planet Fitness Contract.

3

13. The base Contract amount was $644,527.26 and there were additional change orders in the amount of $112,169.09, for a total Contract amount of $756,696.35.

14. K2 performed a significant amount of work and made several payment demands to Slate for work performed so that K2 could pay its subcontractors, but Slate refused.

15. In an attempt to resolve the dispute out of court, the parties reached an agreement in July 2019 that Slate would pay all of K2's subcontractors in full and obtain their final waivers and the parties would terminate the Planet Fitness Contract and attempt to negotiate the balance owed to K2.

16. The amount owed to K2's subcontractors was $202,644.35. However, Slate only paid K2's subcontractors $86,441.00 without explanation as to why it had short paid some of K2's subcontractors.

17. Slate is obligated to pay K2 for all work executed, including work executed by its subcontractors, which amounts to $284,185.30.

**Stonefield Square Project**

18. Throughout the course of the parties' relationship, Slate often asked K2 to do estimating and preparation work for its various developments.

4804877.v1

19. K2 would perform the estimating and preparation work and would either include the cost of the work in its bid for the general contractor role, or, if K2 was not bidding and/or was not awarded the bid, K2 would invoice Slate for its work.

20. On Slate's Stonefield Square Project in Florida, prior to the parties' relationship deteriorating, K2 performed estimating work and submitted four invoices to Slate for the work performed.

21. Slate paid three of the four invoices.

22. Once the parties' relationship deteriorated, Slate refused to pay the final invoice, claiming it was under no obligation to pay because the parties did not have a written agreement covering the estimating work.

23. Slate owes K2 $3,810.00 for work performed on its Stonefield Square Project.

**Westminster Project**

24. Similar to Slate's Stonefield Square Project K2 performed estimating and preparation work for Slate for its Westminster, Colorado Project.

25. Again, the parties had a verbal agreement that K2 would perform the work in exchange for payment and K2 invoiced Slate for the work it performed.

26. However, after the parties' relationship deteriorated, Slate refused to pay K2 for the work K2 had performed, claiming that it had no obligation to pay because there was no written agreement.

5

27. Slate owes K2 $14,665.00 for work K2 performed on the Westminster, Colorado Project.

**Hobby Lobby Lease**

28. Pursuant to a letter agreement dated June 10, 2018 ("Letter Agreement"), and signed by Slate, K2 secured a tenant (Hobby Lobby) for Slate's development at Eastpointe Plaza, in Clarksburg, West Virginia.

29. The Letter Agreement provides that Slate would pay K2 a consulting commission of $1.50 per square foot in the event a lease was consummated with Hobby Lobby, payable one half upon the lease's execution and one half upon Hobby Lobby opening for business.

30. Upon information and belief, the Hobby Lobby Lease has been consummated.

31. To date, Slate has ignored K2's demands for payment of the commission, which totals $82,533.00

**Plaza St. Clair Project**

32. K2 served as the general contractor on Slate's Plaza St. Clair Project in Fairview, Illinois.

33. Slate withheld final payment from K2 pending certain repairs.

34. K2 completed the repairs and sent Slate photographs of the same on multiple occasions.

6

35. Slate claims that it has not been able to access the photographs, and refuses to inspect the work itself.

36. Slate is wrongfully withholding final payment for the Plaza St. Clair Project in the amount of $13,464.70.

## COUNT I – BREACH OF CONTRACT

37. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully restated herein.

38. The parties entered into valid and binding contracts concerning K2's services for each of the Slate developments, as described above.

39. Slate has breached the contracts by failing to pay K2 for the work it performed.

40. Slate's breaches of contract have caused damages to K2 that exceed $300,000.

WHEREFORE, Plaintiff respectfully requests that this court enter an order in Plaintiff's favor and against Defendant a) awarding Plaintiff damages in an amount in excess of $300,000.00; b) ordering Defendant to pay all costs and attorney's fees it has wrongfully forced Plaintiff to incur in connection with this litigation; and, c) granting Plaintiff such other and further relief as is deemed just and appropriate under the circumstances.

## COUNT II – ACCOUNT STATED

41. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully restated herein.

42. K2 sent Slate invoices for work that K2 performed at Planet Fitness, Stonefield Square, Plaza St. Clair, and Westminster, which detailed the amount owed and date upon which payment was due.

43. Slate did not object to the invoices.

44. The balance owed by Slate has been stated.

45. Slate owes K2 $316,125.00 for unpaid invoices (a copy of an affidavit verifying the amount owed on the account is attached as **Exhibit 1**).

WHEREFORE, Plaintiff respectfully requests that this court enter an order in Plaintiff's favor and against Defendant a) awarding Plaintiff damages in the amount of $316,125.00; b) ordering Defendant to pay all costs and attorney's fees it has wrongfully forced Plaintiff to incur in connection with this litigation; and, c) granting Plaintiff such other and further relief as is deemed just and appropriate under the circumstances.

## COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT

46. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully restated herein.

47. K2 performed work at Slate's request, as described above.

8

48. Slate received the benefit of the work that K2 performed.

49. Slate has failed to pay K2 for its work.

50. An inequity would result if Slate is permitted to retain the benefit of K2's work without compensating K2 for the same.

WHEREFORE, Plaintiff respectfully requests that this court enter an order in Plaintiff's favor and against Defendant a) awarding Plaintiff damages in an amount in excess of $300,000.00; b) ordering Defendant to pay all costs and attorney's fees it has wrongfully forced Plaintiff to incur in connection with this litigation; and, c) granting Plaintiff such other and further relief as is deemed just and appropriate under the circumstances.

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

Dated: April 2, 2020

/s/ Ethan R. Holtz
Ethan R. Holtz
Attorneys for Plaintiff
27777 Franklin Road, Ste. 2500
Southfield, MI 48034
Ph:  (248) 351-3000
eholtz@jaffelaw.com

4804877.v1

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**K SQUARED CONSTRUCTION, INC.**,
a Michigan corporation,

       Plaintiff,

v.

**SLATE ASSET MANAGEMENT L.P.,
a Canadian company,**

       Defendant.

_____/

Case No.: 2:20-cv-

Hon.

JAFFE, RAITT, HEUER & WEISS, P.C.
Ethan R. Holtz
Attorneys for Plaintiff
27777 Franklin Road, Suite 2500
Southfield,  MI  48034
(248) 351-3000
eholtz@jaffelaw.com

## DECLARATION OF ACCOUNT

I, Cari Cotter, state that if called to testify at trial, I will testify as follows:

1. I am authorized by K Squared Construction, Inc. ("K2"), the Plaintiff in this action, to make this declaration on its behalf.

2. I make this declaration on personal knowledge and based upon K2's books and records.

3. If sworn as a witness, I can testify competently to the facts stated here.

4. Defendant Slate Asset Management L.P. is justly indebted to K2 in the amount of $ 316,125.00, over and above legal setoffs and counterclaims.

5. The statement of account attached is true and correct.

Dated: April 1, 2020                        /s/ _____